United States District Court
Southern District of Texas
**ENTERED**
November 19, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-15-24 (2) |
| | § | |
| CORNELL SIMON | § | |

## ORDER OF DETENTION PENDING TRIAL

On November 13, 2015, this Court conducted a Hearing on the Government's Motion to Detain **Cornell Simon**, a co-Defendant in the above-styled and numbered cause. The Government appeared by attorney and announced ready; the Defendant appeared in person and by Court-appointed counsel and announced ready. The Government offered the testimony of Eduardo De La Serta, a Detective with the Friendswood Police Department; **Simon** presented evidence that he was not a risk of flight. The Court also made the Pretrial Services report, which recommended detention, a part of the record for purposes of the Detention Hearing only. Having now considered the evidence, the recommendation of the Pretrial Services, and the arguments of counsel, this Court makes the following findings of fact and conclusions of law:

1. That pursuant to the Indictment there is probable cause to believe that **Simon** has committed crimes of violence, to-wit: armed robbery in violation of 18 U.S.C. §2113 and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. §924(c);

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Simon's** detention, 18 U.S.C. §3142(e)(3)(B);

3. That the strength of the Government's case is substantial given **Simon's** confession that he was the "get away" driver and the recovery of clothing worn during the robbery and a firearm in the vehicle he was driving when stopped;

4. That prior to his arrest on the instant offense, **Simon** had been convicted of 5 felonies, including one for robbery, and 9 misdemeanors; of these convictions 10 were for theft offenses;

5. That **Simon's** evidence has failed to rebut the presumption created by 18 U.S.C. §3142(e)(3)(B);

6. That by virtue of the foregoing findings, **Simon** would constitute a danger to the community if released;

7. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Simon** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Cornell Simon** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that **Cornell Simon SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Cornell Simon** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas, this ____19th____ day of November, 2015.

_____
John R. Froeschner
United States Magistrate Judge